NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS EDELMIN SAUCEDA-HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   19-70658<br><br>Agency No. A043-563-004<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 14, 2020
San Francisco, California

Before:  TALLMAN and HUNSAKER, Circuit Judges, and SILVER,[**] District
Judge.

Carlos Edelmin Sauceda-Hernandez ("Sauceda"), a native and citizen of

Honduras, petitions for review of the Board of Immigration Appeals' ("BIA")

decision reversing the Immigration Judge's ("IJ") granting of deferral of removal

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Roslyn O. Silver, Senior United States District Judge
for the District of Arizona, sitting by designation.

under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D), and we grant the petition.

Sauceda's sole argument on appeal is that the BIA did not apply the correct standard of review. "Whether the BIA applied the correct standard of review to the IJ's decision is a question of law, and is thus reviewed de novo." *Vitug v. Holder*, 723 F.3d 1056, 1062–63 (9th Cir. 2013) (citation omitted).

Pursuant to the applicable regulations, "the BIA shall not 'engage in de novo review of findings of fact determined by an immigration judge.'" *Ridore v. Holder*, 696 F.3d 907, 911 (9th Cir. 2012) (quoting 8 C.F.R. § 1003.1(d)(3)(i)). Instead, "the BIA may only review the IJ's factual findings to determine whether they are clearly erroneous." *Guerra v. Barr*, 951 F.3d 1128, 1133 (9th Cir. 2020). An IJ's factual finding is clearly erroneous only "if it is 'illogical or implausible,' or without 'support in inferences that may be drawn from the facts in the record.'" *Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 577 (1985)). The BIA is not entitled to overturn an IJ's factual findings "simply because the Board would have weighed the evidence differently or decided the facts differently had it been the factfinder." *Id.* at 1171 (quoting Board of Immigration Appeals: Procedural Reforms to Improve Case Management, 67 Fed. Reg. 54,878, 54,889 (Aug. 26, 2002)). And an IJ's factual findings may "include past events, but they are not restricted to historical events."

*Vitug*, 723 F.3d at 1063 (quoting *Kaplun v. Att'y Gen.*, 602 F.3d 260, 269 (3d Cir. 2010)).

Sauceda is a former member of the MS-13 gang and has multiple gang-related tattoos. During his immigration proceedings, the IJ heard from Sauceda, his mother, and an expert witness regarding conditions in Honduras. The IJ credited the testimony of these witnesses and issued a factually detailed written opinion with credibility findings concluding Sauceda "faces a clear probability of torture in Honduras." Based on that finding, the IJ granted Sauceda's application for deferral of removal under CAT.

In reversing the IJ, the BIA claimed it was applying the "clearly erroneous standard." But the BIA's mere recitation of the appropriate standard does not prevent us from examining what standard it actually applied. *See Rodriguez*, 683 F.3d at 1170 ("We do not rely on the Board's invocation of the clear error standard.").

Without elaboration, the BIA determined the threats received by Sauceda and his family, which were credited by the IJ, were "too vague and remote in time to establish that [he] is likely to be tortured upon his return to Honduras." But the BIA offered no reasoned explanation as to why the IJ's conclusion was not supported by permissible inferences from the record. Likewise, the BIA afforded no deference to the IJ's finding that Sauceda's tattoos would lead him to be

tortured, or its determination that the Honduran government would acquiesce in Sauceda's torture by putting him into a gang-controlled prison: it simply declared them erroneous.

While the BIA may disagree with the IJ's factual findings, it did not identify facts showing the IJ's findings were "illogical, implausible, or not supported by permissible inferences from the record." *Guerra*, 951 F.3d at 1136.

In sum, the BIA did not apply the deferential standard of review it was required to apply. *See Zumel v. Lynch*, 803 F.3d 463, 476 (9th Cir. 2015) ("The BIA's failure to evaluate the factual findings of the IJ that were key to the IJ's holding, indicates the BIA was not reviewing the IJ's determination for clear error." (citation and quotation omitted)). "Because the BIA applied the wrong legal standard to [Sauceda's] claim, the appropriate relief from this court is remand for reconsideration under the correct standard." *Id.* at 1137 (internal quotation marks and citation omitted).

**PETITION GRANTED AND REMANDED.**